COLTON FULTON v. THE GRIEB RUBBER COMPANY.

Argued June 5, 1902—Decided February 24, 1903.

1. The duty of a master to make inspection of appliances furnished to workmen, or located in the place where they are working, does not require such inspection to be continuous. It is to be made at reasonable intervals.
2. When the appliance is not normally subjected to any wear and tear, and there is no apparent likelihood of its getting out of order, or, if it does so, of its being in the slightest degree dangerous to employes, much less frequent inspections by the master are necessary, in the discharge of his duty to his servants, than when the appliance is a machine in constant use and dangerous to them when out of order.

---

On rule to show cause.

For the rule, *Scott Scammell* and *Edwin R. Walker.*

*Contra, Linton Satterthwait.*

PER CURIAM.

Plaintiff was injured while working at a "mill" in the defendant company's factory. His story of the accident was that, as he was standing at his "mill," with his hand resting upon its frame, an incandescent electric light wire (which was suspended from the ceiling, and which, when not swaying, hung down at a distance of about two or three feet from the "mill") was blown by the wind against a steam pipe connected with the "mill," thereby momentarily charging the "mill" with electricity; that by reason of the contact of his hand with the frame of the "mill," he received an electric shock which caused him to lose his balance and fall against the rolls of the "mill;" that his hands were caught in them and so severely crushed as to necessitate amputation.

There was a verdict for the plaintiff. We think it should be set aside, for two reasons.

*First.* It rests upon the conclusion that the accident happened, substantially, in the way described by the plaintiff— *i. e.,* by his receiving an electric shock, communicated from the incandescent light wire in the way described. This conclusion is against the preponderance of the evidence.

*Second.* The evidence shows no negligent act or omission on the part of the defendant which contributed to plaintiff's injury. The incandescent light wire, when it was originally installed, was properly covered with insulating material, but at the time of the accident this material had been torn or worn away from a small section (about half an inch) of this wire at the point where it was said to have come in contact with the steam pipe connected with the mill, on the occasion of the accident. The alleged negligence of the master (the defendant company) was its failure to inspect this wire. The duty of a master to make inspection of appliances furnished to workmen, or located in the place in which they are working, does not require such inspection to be continuous. It is to be made at reasonably frequent intervals. Where the appliance is not normally subjected to any wear and tear, and there is no apparent likelihood of its getting out of order, or, if it does so, of its being in the slightest degree dangerous to

employes, much less frequent inspections by the master are necessary, in the discharge of his duty to his servants, than when the appliance is a machine in constant use and dangerous to them when out of order. In this case the electric lighting system (including this incandescent wire) in the defendant company's factory, had only been installed for a few months. There is nothing in the case to suggest that the insulating material which covered this wire would not have remained intact for years unless injured by some outside agency. Nor is there anything in the case which will justify the conclusion that the defendant, in the exercise of a reasonable prudence, should have anticipated the probability of its being so injured. For this reason the failure of the defendant to inspect this wire between the time of its installation and the time of the plaintiff's accident, was not negligence.

For both reasons the rule to show cause should be made absolute.